IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3293-M

| | | |
|---|---|---|
| COBEY LAKEMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BARNEY OWENS, WILLIAM BRANCH, | ) | |
| and SERGEANT COLEY, | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court on plaintiff's motion for reconsideration of the court's October 26, 2022, order (D.E. 18). Also before the court is defendant Sergeant Coley's ("Coley") motion to deem timely filed his waiver of service of summons (D.E. 20).

A.  Motion for Reconsideration (D.E. 18)

The court begins with plaintiff's motion for reconsideration. In the October 26, 2022, order, the court allowed plaintiff to amend his complaint and dismissed defendants Sherri Valerio ("Valerio"), Corie Millis ("Millis"), FNU Kearney ("Kearney"), Garry Bleeker ("Bleeker"), Patrick D. Hand ("Hand"), Larry M. Dunston ("Dunston"), and Warden John Doe ("Doe") on the basis plaintiff did not connect these individual defendants to specific behavior and injuries. See Fed. R. Civ. P. 8; Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). As such, the complaint did not provide these defendants fair notice of the claims against them or the factual basis on which they rested. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

In the instant motion, plaintiff first argues that the court erred when it construed plaintiff's second supplemental pleading as a motion to amend. (Mot. Recons. (D.E. 18) at 3–4). However,

plaintiff was allowed to amend the complaint to add the claims addressed in the second supplemental pleading. Accordingly, even if the court erred, the court considered the contents of the supplemental pleading, and plaintiff was not prejudiced by such a decision.

Secondly, plaintiff argues he could not provide specific information regarding these defendants' behavior because without discovery, he was unsure of which defendant was specifically responsible for either rejecting plaintiff's mail without cause or upholding such decisions. See Procunier v. Martinez, 416 U.S. 396, 413–14 (1974) ("Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). However, plaintiff further provides that these defendants were the only individuals that either had access to his mail or would review rejections. (Mot. Recons. (D.E. 18) at 4–5). At this time, such identification is sufficient to state a claim against defendants Valerio, Millis, Kearney, Bleeker, Hand, Dunston, and Doe. Therefore, the court will direct the clerk to reinstate these defendants.

Regarding defendant Doe, plaintiff must provide identification for this defendant as soon as possible and file a motion to amend. The court **warns** plaintiff that if he does not identify defendant Doe by the close of the discovery period provided in the future scheduling order, the court may dismiss defendant Doe from this action. See Attkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019).

Accordingly, plaintiff's motion for reconsideration is granted in part and denied in part.

B.  Motion to Deem Waiver Timely (D.E. 20)

The court now considers defendant Coley's motion to deem timely his waiver of service of summons. Defendant Coley asserts that the failure to file the waiver on or before December 27, 2022, as required under the court's Standing Order 14-SO-02, was the product of excusable neglect. (See Mot. (D.E. 20) ¶¶ 7–11). The North Carolina Attorney General also seeks an additional 46 days to complete its investigation into whether it will provide a defense to defendant Coley, and if so, to file a notice of appearance or other responsive pleading. (Id. ¶ 12).

The court agrees that the untimeliness of the waiver was due to excusable neglect and finds plaintiff is not prejudiced. Thus, for good cause shown, the court grants the motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration (D.E. 18) is GRANTED IN PART AND DENIED IN PART as provided above. The clerk is DIRECTED to reinstate defendants Valerio, Millis, Kearney, Bleeker, Hand, Dunston, and Doe in this action. If it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d) as to defendants Valerio, Millis, Kearney, Bleeker, Hand, Dunston, and Doe.

Defendant Coley's motion to deem his waiver timely (D.E. 20) is GRANTED. The North Carolina Attorney General shall have until February 13, 2023, (1) to complete an investigation

into whether it will provide a defense to the waivered defendant Coley, and (2) if a defense will be provided, to enter a notice of appearance and file an answer or other responsive pleading.

SO ORDERED, this 23d day of January, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge