IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3293-M

COBEY LAKEMPER, )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
BARNEY OWENS, et al., )
 )
        Defendants. )

This matter is before the court on plaintiff's motions for leave to submit excess pages [D.E. 87] and to disregard defendant's summary judgment exhibit filed at docket entry 83 [D.E. 93]. Also before the court is defendants' motion to seal docket entry 83 [D.E. 84].

As an initial matter, the court will grant plaintiff's motion for leave to file excess pages and will consider the additional three pages [D.E. 92] when addressing defendants' motion for summary judgment. [See D.E. 79].

The court next addresses plaintiff's motion for the court to disregard the defendants' summary judgment exhibit at docket entry 83. The exhibit consists of plaintiff's medical records. Plaintiff argues the court should not consider the exhibit because plaintiff did not receive the exhibit, and prison officials and defense counsel violated the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") by obtaining his medical records without his consent. (Pl. Mot. [D.E. 93] at 1–3). Plaintiff's HIPPA argument is meritless. HIPPA does not provide a private cause of action, nor does it provide that evidence obtained in violation of HIPPA must be excluded or suppressed. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007); United States v. Elliott, 676 F.

Supp. 2d 431, 439 (D. Md. Dec. 23, 2009). However, to the extent plaintiff asserts he received only a redacted version of docket entry 83, the court will order defendants to serve plaintiff with an unredacted version of the document.

Lastly, defendants seek to seal docket entry 83 because it contains plaintiff's confidential medical records. (Def. Mot. Seal [D.E. 84] at 1). Plaintiff does not object to sealing these records. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filing. Plaintiff's interest in preserving the confidentiality of his private medical records outweighs any public interest in disclosure. Thus, the court grants the motion to seal.

## CONCLUSION

Based on the foregoing, plaintiff's motion for leave to file excess pages [D.E. 87] is GRANTED. Plaintiff's motion to disregard defendants' exhibit in support of their motion for summary judgment at docket entry 83 [D.E. 93] is GRANTED in part and DENIED in part. The motion is granted to the extent the court DIRECTS defendants to serve plaintiff with an unredacted copy of docket entry 83 and file a certificate of service no later than **7 days** after entry of this order. Plaintiff is DIRECTED to file any additional briefing in response to defendants' motion for summary judgment [D.E. 79] no later than 14 days after he is served with the document. Any

such briefing shall be no longer than three pages and be limited to issues related to docket entry 83. Defendants' motion to seal [D.E. 84] is GRANTED.

SO ORDERED, this the 9th day of January, 2026.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

3